AARON STREEPY, WSBA #38149
SANNI LEMONIDIS, WSBA #39749
STREEPY LEMONIDIS CONSULTING
& LAW GROUP, PLLC
701 Fifth Ave, Ste 4200
Seattle, WA 98104
(206) 926-6700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| Hanford Guards Union, Local 21 ("HGU" Or "Union") <br><br> Plaintiff, <br><br> v. <br><br> Hanford Mission Integration Solutions, LLC ("HMIS" Or "Employer") <br><br> Defendants. | No. <br><br> Petition to Compel Arbitration pursuant to LMRA Section 301 (29 U.S.C. § 185) |

I. **INTRODUCTION**

Plaintiff/Petitioner HANDFORD GUARDS UNION ("HGU") moves this Court to compel HANFORD MISSION INTEGRATION SOLUTIONS, LLC ("HMIS") to arbitrate a matter that had already been grieved through all levels of the Collective Bargaining Agreement ("CBA") in 2022 and was moved to arbitration, after which the parties selected an FMCS arbitrator and set a date *twice*, which HMIS

LMRA PETITION TO COMPEL ARBITRATION

1

has cancelled *twice,* now demanding to remove the issue from arbitration and use it as a bargaining chip in the upcoming contract renewal negotiations.

## II.    PARTIES

1.    Plaintiff/Petitioner HANDFORD GUARDS UNION ("HGU") is an affiliate of the International Guards Union of America, and is a voluntary association and a labor organization, as defined by Section 2(5) of the Labor Management Relations Act, as amended, 29 U.S.C. §C 152(2).

2.    Defendant/Respondent HANFORD MISSION INTEGRATION SOLUTIONS ("HMIS") is the Employer, as defined by Section 2(2) of the Labor Management Relations Act, as amended, 29 U.S.C. § 152(2).  HMIS is registered in Washington, UBI # 604 643 190, having its principal place of business in Richland, WA.

## III.    JURISDICTION AND VENUE

3.    Venue is proper in this Court because the conduct that gave rise to the grievance occurred at the Hanford Nuclear Site in Benton County, Washington.

4.    Jurisdiction is conferred by Section 301 of the LMRA, 29 U.S.C. § 185, because the parties are also parties to a CBA, which requires arbitration of unresolved grievances, and HMIS is an employer, and HGU a union, in an industry affecting commerce.

## IV.    FACTS

LMRA PETITION TO COMPEL ARBITRATION

2

STREEPY LEMONIDIS
CONSULTING & LAW GROUP, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
Telephone: (206) 926-6700

5.      HGU has been the bargaining agent for Security Patrol Officers at Hanford for decades.  The 2015 CBA was between HGU and HMIS' predecessor, Mission Support Alliance, LLC.  In 2021, the parties entered the current CBA, which expires on November 1, 2024.  Ex. 1.

6.      Under Article 19 of the CBA, "[t]he grievance procedure…will be used by the parties for the purpose of expeditious, peaceful and equitable settlement of grievances."  Ex. 1 at 57-58.  The procedure involves three grievance steps, after which unresolved grievances "may be referred to arbitration in accordance with Article 20."  Ex. 1 at 59 (Subsection 4).

7.      Article 20 clearly states that the following grievances are arbitrable: "The interpretation or application of a provision of this [Collective Bargaining] Agreement…."  Ex. 1 at 60 (Art. 20(1)(A)).  On September 6, 2022, the HGU filed a Step 1 grievance asserting that certain overtime shifts were being offered in contravention of the regular shift-lengths enumerated in the CBA.  Ex. 2 at 1.  The nature of guarding a nuclear site requires strict definition of shift times, types, and lengths, all of which are detailed in Articles 8-11.

8.      On April 3, 2023, HMIS denied the Step 3 grievance.  Ex. 2 at 3.  HGU then moved the grievance into arbitration.  The parties obtained a Federal Mediation and Conciliation Service 'strike list' and chose Arbitrator Michael Merrill.  Ex. 3.

LMRA PETITION TO COMPEL ARBITRATION

3

Streepy Lemonidis
Consulting & Law Group, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
Telephone: (206) 926-6700

The Arbitrator provided his availability and, throughout February 2024, the parties ascertained theirs.

9. Because the grievance involves one simple issue -whether the offered overtime shifts violate the CBA- Arbitrator Merrill accepted the parties' proposal and set a single day hearing for June 19, 2024. Ex. 4. On May 14, 2024, HMIS attorney Sandra Kent indicated her firm was understaffed and needed more time. Ex. 6 at 1.

10. HGU's counsel indicated urgency was in order because of the Arbitrator's cancellation feel policy. Ex. 6. On the last day to postpone without incurring arbitration fees, May 20, HMIS finally notified the Arbitrator. Ex. 5 at 2.

11. Arbitrator Merrill was careful to ensure that HGU was in agreement, and the Union cordially assented to the delayed arbitration with the caveat that "we…hope it will be short." Ex. 5 at 1. HMIS then revealed it was seeking to add three months to this conflict, which HGU rightly perceived as an attempt to use delay as a means by which to constructively remove the grievance from arbitration and into the CBA negotiations, which would begin in September of 2024. Ex. 6 at 4.

12. HGU counter-proposed "the week beginning July 8," notifying HMIS that the "Union is very opposed to…September, especially since they will be in contract negotiations…." Ex. 6 at 4. On May 23rd HMIS replied with the several other options and HGU accepted their proposed 6th or 7th of August, leaving the choice between those two dates to HMIS as a professional courtesy. Ex. 6 at 6-7.

LMRA PETITION TO COMPEL ARBITRATION

4

Streepy Lemonidis
Consulting & Law Group, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
Telephone: (206) 926-6700

HMIS attorney Kent replied, "Alright.  Will let my folks know on Tuesday."  Ex. 6 at 7.

13.    Having heard nothing from Ms. Kent, HGU asked on Wednesday, "Can we lock in one of your proposed dates?"  Ex. 6 at 7.  Ms. Kent replied "I too am waiting to hear which date is preferred…folks are workin it…."  Ex. 6 at 8.  Having heard no response from Ms. Kent, HGU's counsel asked Arbitrator Merrill, "Just wanted to check your availability on 8/6 or 8/7, as the parties are both tentatively considering these dates."  Ex. 5 at 3.  The Arbitrator confirmed they were available.

14.    HGU counsel, accustomed to HMIS' signature delay tactics on this and previous cases, sent the following email on Monday, June 3rd after hearing nothing since Wednesday, May 29: "This is absurd.  My client has been sandbagged for years now.  We thought it would be nice to let your client pick between the two dates YOUR CLIENT provided us.  We will choose by close of business today."  Ex. 6 at 8.

15.    Rather than respond to HGU's counsel, Ms. Kent unilaterally reached out to Arbitrator Merrill, stating "HMIS is no longer available for the August hearing date.  HMIS will be conferring with Union counsel to discuss this matter and negotiate a future hearing date."  Ex. 5 at 4.  HGU's counsel -rightfully apoplectic- responded the next morning with a rebuke and request that the Arbitrator "reject this unilateralism and choose his own preference between the *Employer's* proposed dates

LMRA PETITION TO COMPEL ARBITRATION

5

STREEPY LEMONIDIS
CONSULTING & LAW GROUP, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
Telephone: (206) 926-6700

of 8/6 or 8/7.  If the Arbitrator has no preference, the Union's policy is 'the sooner the better.'"  Ex. 5 at 5.

16.  Arbitrator Merrill, understandably, did not immediately respond to HMIS' June 3rd ultimatum.  As predicted by HGU, on June 24, 2024, HMIS sent a letter with the subject "Request to Bargain," and demanding "collective bargaining negotiations…during the September contract negotiations."  Ex. 7.  On June 25th, Arbitrator Merrill noted he had received the Letter (Ex. 7) and stated, "I will await a response from the Union that might assist in determining the significance of this development." Ex. 8.

17.  HGU reiterated its position that HMIS had cancelled the prior date and chose the new dates, then unilaterally backed out of that solution.  HGU ended its email with "[t]he Union will compel arbitration if necessary."  Ex. 8.

18.  Having heard nothing from HMIS, the next day HGU followed up in a separate email chain, notifying HMIS that this LMRA Section 301 action would be filed unless HMIS confirmed August 6th will Arbitrator Merrill by "close of business today," June 26, 2024.  Ex. 9.  Near close of business on that day, HMIS served yet another absurd demand to 'bargain' this same issue instead of arbitrating it.  Ex. 10.

V. **AUTHORITIES**

Grievances are presumed arbitrable "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers

LMRA PETITION TO COMPEL ARBITRATION

6

STREEPY LEMONIDIS
CONSULTING & LAW GROUP, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
Telephone: (206) 926-6700

the asserted dispute. Doubts should be resolved in favor of arbitration." McKinstry Co. v. Sheet Metal Workers' Intl. Ass'n, Local Union # 16, 859 F.2d 1382, 1384 (9th Cir.1988) (quoting United Steelworkers v. Warrior and Gulf Navigation Co., 363 U.S. 574, 582–82 (1960)).

In the Ninth Circuit, parties to a CBA may file a petition to compel arbitration without the need to file a lawsuit for breach of contract. *See* e.g. Unite Here Int'l Union v. Shingle Springs Band of Miwok Indians, 216CV00384TLNEFB, 2016 WL 4041255, at *3 (E.D. Cal. July 27, 2016) ("Likewise, in this case Petitioner has filed a Petition to Compel Arbitration – a routine action – which the Court will consider.") (citing IATSE Local 720 v. InSync Show Productions, Inc., 801 F.3d 1033, 1037 (9th Cir. 2015) ("IATSE filed a petition to compel arbitration in the district court," which the district court granted); Local Joint Exec. Bd. of Las Vegas v. Exber, Inc., 994 F.2d 674, 675 (9th Cir. 1993) ("Union filed this petition to compel arbitration pursuant to § 301 of the Labor Management Relations Act" which the district court considered but dismissed on statute of limitations grounds); United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1373 (9th Cir. 1984) ("Under section 301 of the [LMRA] ... the Local Unions petitioned the district court to compel arbitration," which the district court granted); Constr. & Gen. Laborers' Local 185 v. Seven-Up Bottling Co. of San Francisco, No. CIV. S-10-2358, 2010

LMRA PETITION TO COMPEL ARBITRATION

7

Streepy Lemonidis
Consulting & Law Group, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
Telephone: (206) 926-6700

WL 5136200, at *1 (E.D. Cal. Dec. 10, 2010) ("Plaintiff, a labor union, has filed a petition to compel arbitration," which the district court granted)).

> In *Goodall–Sanford,* a union brought a suit in federal district court under § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and sought to "compel specific performance of a grievance arbitration provision of a collective bargaining agreement." The union sought no other relief. The district court ordered arbitration, and on appeal, the First Circuit affirmed. Subsequently, the Supreme Court also affirmed.

IATSE Local 720 v. InSync Show Prods., Inc., 801 F.3d 1033, 1038 (9th Cir. 2015) (citing Goodall-Sanford, Inc. v. United Textile Workers of Am., A.F.L. Local 1802, 353 U.S. 550-51 (1957).

Pursuant to the clear and unequivocal language of Articles 19 and 20 of the 2021 CBA the parties are required to arbitrate contract interpretation grievances that were not resolved in Step 3 of the grievance process. Ex. 1 at 57-59. HMIS has relentlessly attempted to convert this mandatory arbitration into a bargaining chip to buttress its position in the upcoming contract negotiations. This is both an unfair labor practice under the National Labor Relations Act and a breach of the CBA.

## VI.   **ATTORNEY FEES**

The CBA does not have a fee clause, and neither does Section 301. However, federal courts have the inherent power to award fees as an exception to the American Rule. The Supreme Court has recognized the bad faith action as one such basis. *See* Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257–59 (1975).

Courts routinely award Section 301 attorney fees when "a party frivolously or in bad faith refuses to submit a dispute to arbitration or appeals from an order

LMRA PETITION TO COMPEL ARBITRATION

8

Streepy Lemonidis
Consulting & Law Group, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
Telephone: (206) 926-6700

compelling arbitration." <u>UFCW Locals 197 & 373 v. Alpha Beta Co.</u>, 736 F.2d 1371, 1383 (9th Cir.1984). "Engaging in frivolous dilatory tactics not only denies the individual prompt redress, it threatens the goal of industrial stabilization." <u>International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc.</u>, 707 F.2d 425, 428 (9th Cir.1983).

HMIS has done far worse than delay or raise a frivolous argument against arbitration. HMIS has engaged in a years-long tactical delay calculated to revoke the Hanford Guards' contractual right to arbitration *after* the grievance was already submitted to arbitration. Beyond bad faith, this is a wholesale attack on the entire system; the CBA and rights conferred therein, the policies of Labor Peace that underlie all labor laws, and the jurisdiction of a mutually accepted and appointed FMCS arbitrator.

An award of reasonable attorney fees is perhaps the one and only way that HMIS can be taught to adhere to the mandatory arbitration clause.

## VII. **RELIEF SOUGHT**

WHEREFORE, Hanford Guards Union requests the following relief:

1. An Order compelling HMIS to arbitrate this matter with FMCS Arbitrator Michael Merrill on August 6, 2024, or the earliest date available on Merrill's calendar thereafter.

LMRA PETITION TO COMPEL ARBITRATION

9

STREEPY LEMONIDIS
CONSULTING & LAW GROUP, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
Telephone: (206) 926-6700

2. An Order awarding HGU all fees associated with compelling the arbitration, to be determined pursuant to LCivR 54 in subsequent lodestar analysis unless settled out of court.



| SaNni Lemonidis, WSBA # 39749 | Aaron Streepy, WSBA #38149 |
| Attorney for the Plaintiff | Attorney for the Plaintiff |
| Streepy Lemonidis Consulting & Law Group | Streepy Lemonidis Consulting & Law Group |
| 701 Fifth Ave, Ste 4200 | 701 Fifth Ave, Ste 4200 |
| Seattle, Washington 98104 | Seattle, Washington 98104 |
| Telephone: (206) 926-6700 | Telephone: (206) 926-6700 |
| Fax: (206) 355-3572 | Fax: (206) 355-3572 |
| Email: sanni@slclg.law | Email: aaron@slclg.law |

LMRA PETITION TO COMPEL ARBITRATION

10

STREEPY LEMONIDIS
CONSULTING & LAW GROUP, PLLC
701 Fifth Ave Ste 4200
Seattle, WA 98104
*Telephone: (206) 926-6700*