FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HANFORD GUARDS UNION, LOCAL 21, | No. 4:24-CV-05070-SAB |
| Plaintiff, | |
| v. | **ORDER DENYING** |
| HANFORD MISSION INTEGRATION SOLUTIONS, LLC, | **TEMPORARY RESTRAINING** |
| Defendant. | **ORDER** |

Before the Court are Plaintiff's Motion for Temporary Restraining Order, ECF No. 3, and associated Motion to Expedite, ECF No. 4. Plaintiff is represented by SaNni M-K Lemonidis and Aaron M. Streepy. Defendant has not yet appeared. This motion was considered without oral argument.

This matter concerns a labor dispute between Plaintiff Hanford Guards Union, Local 21 (the "Union") and defendant Hanford Mission Integration Solutions, LCC ("HMIS"). Upon review, and being fully informed, the Court denies the Union's motion for a temporary restraining order.

**Facts**

The Union seeks an emergency order compelling HMIS to participate in mandatory arbitration pursuant to the parties' Collective Bargaining Agreement ("CBA") and Section 301 of the Labor Management Relations Act ("LMRA"), 29

**ORDER DENYING TEMPORARY RESTRAINING ORDER # 1**

U.S.C. § 185. The current CBA expires on November 1, 2024. The parties disagree as to whether overtime shifts of four hours may be offered by HMIS, when no such shifts are enumerated in the current CBA.

Article 20 of the CBA states that "[t]he interpretation or application of a provision of this [CBA]" is an arbitrable grievance. ECF No. 2-1 at 60 (Art. 20(1)(A)). The parties have already obtained a Federal Mediation and Conciliation Service 'strike list' and chose an Arbitrator.

The Arbitrator set a single day hearing for June 19, 2024 to discuss this issue and on the last day to postpone, HMIS allegedly notified the Arbitrator it was understaffed and needed a new date. The Union views this and other HMIS actions as dilatory. The Union agreed to the continuance, but the parties could not agree on a new date to arbitrate the pending overtime shift disagreement. It appears an arbitration date has not been set as of the filing of these pending motions.

## Legal Standard

Fed. R. Civ. P. 65(b) provides the legal standard for temporary restraining orders (TROs). The legal standard is substantively identical to the preliminary junction standard. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis applied to temporary restraining orders and preliminary injunctions is "substantially identical"). The standard for obtaining a TRO in the Ninth Circuit is the same as for obtaining a preliminary injunction. *Fang v. Merrill Lynch, Pierce, Fenner, & Smith Inc.*, 694 F. App'x 561 n.1 (9th Cir. 2017). A preliminary injunction and TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008). A TRO is distinguished by its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439

**ORDER DENYING TEMPORARY RESTRAINING ORDER # 2**

(1974). TROs are limited to 14 days, unless extended for good cause and provided there is an expedited hearing on a preliminary junction.  Fed. R. Civ P. 65(b).

A court may grant only a TRO upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest. Winter, 129 S. Ct. at 374. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties. 29 U.S.C. § 185(a).

**Discussion**

The temporary restraining order legal standard cannot be properly analyzed without a response from HMIS. Therefore, the motions are denied with leave to refile as a Motion for a Preliminary Injunction once Defendant is served, appears, and has an opportunity to respond.

//
//
//
//
//
//
//

**ORDER DENYING TEMPORARY RESTRAINING ORDER # 3**

Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion for Temporary Restraining Order, ECF No. 3, and associated Motion to Expedite, ECF No. 4, are **DENIED with leave to refile as a Motion for a Preliminary Injunction**.

2.      A motion for a preliminary injunction will be considered on the merits once Defendant is served, appears, and has an opportunity to respond.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 3rd day of July 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING TEMPORARY RESTRAINING ORDER # 4**